**DENNIS STEINMAN**, OSB No. 954250
**STUART BARKER**, OSB No. 254892
dsteinman@kelrun.com
sbarker@kelrun.com
Kell, Alterman & Runstein, L.L.P.
520 S.W. Yamhill, Suite 600
Portland, OR 97204
Telephone: (503) 360-0554

**ALEXANDER S. VAN HOOK** [*pro hac vice motion forthcoming*]
alexander.vanhook@nad.org
National Association of the Deaf
8630 Fenton Street, Suite 202
Silver Spring, Maryland 20910
Telephone: (484) 312-2001

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| HENRY ROLLINS,<br><br>*Plaintiff*,<br><br>v.<br><br>OREGON SCHOOL ACTIVITIES ASSOCIATION, an Oregon non-profit corporation; and PETER WEBER, in his official capacity as Executive Director of Oregon School Activities Association,<br><br>*Defendants*. | Case No:<br><br>**COMPLAINT**<br><br>(42 U.S.C. § 12132; 42 U.S.C. § 12182; ORS 659A.142(5)(a); ORS 659A.142(4))<br><br>JURY TRIAL DEMANDED |

**INTRODUCTION**

1. This is an action under Titles II and III of the Americans with Disabilities Act ("Americans with Disabilities Act") and corresponding state law to remedy disability discrimination against Plaintiff Henry Rollins ("Plaintiff"), a hard of hearing high school senior who requires a frequency modulation ("FM") system to access aurally delivered information and to wrestle safely and competitively during his senior year in high school wrestling competitions in the State of Oregon.

2. Like many young athletes nationwide, Plaintiff has trained diligently for years, striving to improve his performance season after season in pursuit of personal satisfaction, opportunities for advancement to district and state meets, college recruitment, and athletic scholarships.

3. The varsity wrestling season offers a limited number of meets to achieve victories and satisfy the Oregon School Activities Association ("OSAA") 4A Boys Wrestling State Championships qualifying standards. At each weight class, only the top sixteen individuals are eligible to wrestle at the State Championships, making every competitive opportunity critical.

4. Plaintiff's dreams and goals—opportunities for equal participation, recognition, and scholarships—are being directly and negatively impacted by Defendants' decision to deny him his previously approved FM system as a reasonable modification for his disability.

5. Defendants' discriminatory actions deny Plaintiff the opportunity to compete safely and on a level playing field by preventing him from hearing and understanding his coaches' instructions at OSAA-sanctioned wrestling events.

6. Plaintiff and his parents have repeatedly attempted to resolve this issue with Defendants but have been met with resistance by Defendants who have denied his request to use the FM system during wrestling matches.

7. Defendants' conduct violates their mission of promoting interscholastic activities that provide equitable participation opportunities.

8. For Plaintiff, being forced to compete against his hearing opponents who can hear and understand their coaches' instructions places him at a competitive disadvantage and undermines his safety and dignity as a student athlete. His experience undermines the very purpose of the Americans with Disabilities Act, corresponding state law, and the OSAA's core tenet that no individual should be treated less than another.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 because this action arises under federal law. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiff's state law claims because those claims are related to Plaintiff's federal law claims and arise out of a common nucleus of operative fact. Plaintiff's state law claims are related to Plaintiff's federal law claims such that those claims form part of the same case or controversy under Article III of the United States Constitution.

10. Declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201, 2202, as well as ORS 659A.885.

11. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) and (e). Defendants operate and reside in Oregon. Further, a substantial part of Defendants' unlawful conduct giving rise to Plaintiff's claims occurred in this district.

## PARTIES

12. Plaintiff is a hard of hearing varsity wrestler entering his senior year at Seaside High School. Plaintiff resides in Gearhart, Oregon. He intends to continue competing in wrestling at Seaside High School during the 2026–2027 academic year.

13. Defendant OSAA is the governing body for interscholastic athletic activities in Oregon, including public and private schools. OSAA establishes policies and standards for member schools regarding student participation in high school athletics.

14. The State Board of Education establishes rules and standards for the OSAA to comply with.

15. Public school districts that are satisfied that OSAA meets certain statutory criteria may be members of, and pay fees to, OSAA.

16. OSAA eligibility decisions may be appealed to OSAA's Eligibility Appeals Board, which consists of five board members from member schools, five administrators of member schools, and five OSAA Executive Board members.

17. Defendant Peter Weber is the Executive Director of the OSAA. He is sued in his official capacity.

## FACTUAL BACKGROUND

### A. Plaintiff's Need for an FM System for His Wrestling Matches

18. Plaintiff has severe bilateral hearing loss and relies on his hearing aids to hear and understand speech.[1] His primary and preferred method of communication is spoken English.

19. Plaintiff relies on his FM system to hear spoken speech in noisy environments, including wrestling matches. Consequently, Plaintiff's parents bought an FM system for his personal use. His FM system transmits his coach's voice directly to his hearing aids via a receiver (which his coach uses), allowing Plaintiff to hear his instructions during the wrestling matches.

[1] The ability to *hear* speech is distinct from the ability to *understand* speech. For purposes of the Complaint, the term "hear" refers to both auditory perception and speech comprehension unless otherwise specified.

20. Without his FM system, Plaintiff cannot hear spoken speech during wrestling matches, even with his hearing aids. Environmental noise (e.g., crowd noise, referees' whistles, and poor acoustics) and OSAA-mandated wrestling headgear (which he must wear) create conditions where, unlike his hearing opponents who can still hear coaching instructions, Plaintiff cannot hear any audible communication.

21. At the higher levels of wrestling competition, the margin of skill between competitors is narrower, and matches are decided by technical adjustments and real-time coaching guidance, rather than solely basic wrestling skills.

22. Plaintiff relies on his FM system to receive real-time coaching guidance, including but not limited to his coach's relaying of calls and communications from the referee, during his wrestling matches. He used his FM system during the 2023–2024 season without incident or objection from any opponent, coach, official, or host school.

23. On February 10, 2024, Plaintiff qualified for the OSAA 4A Boys Wrestling State Championships.

24. On February 23, 2024, at the State Championships, an official warned Plaintiff that his use of the FM system was not permitted under the OSAA rules and that he should contact the OSAA for approval. Despite this warning, the official permitted Plaintiff to use his FM system for his wrestling matches.

**B. Defendant OSAA's Governing Control of Oregon's High School Athletics**

25. Since its creation in 1918, OSAA's stated purpose has been to "protect the interests of member schools and to regulate interscholastic activities that involve member schools."

26. OSAA oversees over 300 member schools and 110 associate member schools.

27. Member schools must follow OSAA regulations and rulings. Noncompliance risks forfeiting eligibility for competition through suspension of membership or expulsion from the OSAA, as determined by the OSAA's Executive Board.

28. OSAA exclusively controls competition, as participation is only permitted against schools that are members of the OSAA or schools that are members of the member associations of the National Federation of State High School Associations ("NFHS") if the activity is sponsored by the OSAA.

29. OSAA defines the coaching and personnel requirements for individual schools and athletic teams.

30. Eligibility determinations and regulations are made by the OSAA, not the individual schools.

31. Student participation in OSAA is part of the definition of "interscholastic activities" pursuant to OAR 581-026-0005(3) (defining interscholastic activities to include athletics "[f]or students in grade nine through grade 12, . . . sanctioned by the Oregon School Activities Association.").

**C. Defendant OSAA's Decisions Regarding Plaintiff's Use of His FM System**

32. Plaintiff used his FM system for the 2023–2024 wrestling season without incident or objection from any opponent, coach, official, or host school.

33. On August 27, 2024, Plaintiff's parents, on his behalf, submitted a reasonable modification request to the OSAA to use an FM system for Plaintiff's wrestling matches due to his hearing disability.

34. On September 13, 2024, Kris Welch, the Assistant Executive Director for OSAA, granted Plaintiff's request after conferring with the NFHS's Sports Medicine Advisory Committee.

35. Relying on OSAA's explicit approval, Plaintiff used his FM system for the beginning of the 2024–2025 wrestling season without incident or objection from any opponent, coach, official, or host school.

36. In December 2024, Plaintiff participated in a Washington Interscholastic Activities Association ("WIAA") sanctioned wrestling tournament where he was not permitted to use his FM system. The WIAA notified the OSAA that pursuant to its interpretation of the NFHS rules, Plaintiff was not permitted to use his FM system for WIAA-sanctioned wrestling events.

37. On December 24, 2024, OSAA, following WIAA's decision, revoked Plaintiff's reasonable modification.

38. Because of OSAA's reversal of its decision, Plaintiff was forced to wrestle approximately 70 matches without his FM system.

39. Without his FM system, Plaintiff's wrestling performance suffered significantly because he could not hear his coaches' instructions, leading to:

a. **Increased risk of injury.** Plaintiff did not hear his coaches' warnings when in a vulnerable position—information that his hearing opponents receive during matches—leaving him disproportionately exposed to harm.

b. **Unforced errors**: In one match, Plaintiff had his opponent pinned on his back but released him because he mistakenly believed the referee had blown his whistle.

c. **Penalty points awarded to opponents.** Plaintiff failed to hear stalling warnings from referees, which could have been relayed to him by his coach, resulting in points being awarded to his opponents and affecting match outcomes.

d. **Competitive disadvantage.** Plaintiff lacked real-time access to coaching guidance, referee instructions, and match information, impacting his ability to compete on a level playing field with his hearing opponents.

e. **Profound isolation and exclusion.** Plaintiff experienced feelings of profound isolation. Unlike his hearing opponents who can hear the referee and their coaches' instructions, Plaintiff is entirely cut off from these auditory cues, reducing his ability to fully participate in the sport of wrestling.

40. On February 27, 2025, Plaintiff, wrestling without his FM system, tore his ACL, ending his 2024–2025 wrestling season.

**D. Plaintiff's Efforts to Engage with Defendants**

41. From December 2024 to present, Plaintiff, his parents, and advocacy organizations have made numerous efforts to resolve the issue with Defendants—to no avail.

42. In December 2024 and January 2025, Plaintiff and his school contacted Defendants to appeal their decision regarding Plaintiff's FM system.

43. On January 24, 2025, Defendant Weber, citing his consultation with current and former officials, coaches, medical experts, and OSAA and NFHS policies, denied these appeals. Instead, Defendant Weber informed Plaintiff that the following reasonable modifications would be permitted:

> (1) One coach will be allowed 360-degree access around the outside of the 28-foot circle on [Plaintiff's] mat for the duration of the bout. The coach may not impede or interfere with the opponent's coaches, the officials, score table personnel, or wrestlers on surrounding mats.
>
> (2) One coach may use a non-electronic amplification device to project the coaches' voices (e.g., a mini-megaphone).
>
> (3) [Plaintiff's] coaches may use written "cue cards" or visible prompts from the corner of the mat outside the 28-foot circle.

(4) Officials will be reminded to utilize visual signs to ensure [Plaintiff] is aware of any scoring that occurs during his match.

(5) Event personnel will be reminded to make sure the scoreboard is clearly visible to the wrestler and updated clearly.

(6) Officials will be reminded to clearly communicate instructions visually, using simple hand gestures or pointing to areas of concern.

(7) If requested, event management will do their best to accommodate access to compete on a mat that provides the most conducive environment to hear coaching instructions. Based on the configuration of the mats at an event, this may not be feasible.

44. These proposed modifications are ineffective for the following reasons:

a. **Modifications 1 and 2 fail because Plaintiff cannot hear amplified speech.** Even with 360-degree coaching access and non-electronic amplification devices, Plaintiff cannot hear his coaches' instructions. Plaintiff's hearing aids do not completely restore his hearing. Unlike his hearing opponents who can still hear auditory cues despite environmental noise, including crowd noise, referees' whistles, and poor acoustics, combined with OSAA-mandated headgear, Plaintiff's severe hearing loss and these conditions render all auditory cues inaudible to him. For instance, his coaches have previously attempted to communicate by yelling while circling the 28-foot wrestling circle, but Plaintiff could not hear them.

b. **Modifications 3 and 6 fail because Plaintiff cannot see visual cues or gestures during active competition.** Wrestling requires Plaintiff to constantly move, change positions, and maintain intense focus on his opponent. He cannot safely or effectively shift his attention to cue cards, visual prompts, or gestures without compromising his safety or competitive performance.

c. **Modifications 4, 5, and 6 address only scoring and officiating, not coaching.** As discussed above, these modifications do not enable Plaintiff to hear real-time coaching instructions.

45. Plaintiff and his parents explained these deficiencies to Defendants. Despite these explanations, Defendants refused to reverse their decision.

46. In February 2025, Disability Rights Oregon and Plaintiff's audiologists contacted the OSAA to offer their insights into why the FM system was the only reasonable modification for Plaintiff. Upon information and belief, OSAA rebuffed these offers.

47. In April 2025, Bridges Oregon contacted Defendant Weber, offering to explain why an FM system was required for Plaintiff to receive meaningful access to auditory information during his wrestling matches. Upon information and belief, OSAA failed to respond.

48. In August 2025, the National Association of the Deaf ("NAD") contacted OSAA requesting that OSAA reverse its decision. Several days later, OSAA responded to the NAD's letter with no indication that its position had changed.

49. On December 17, 2025, Plaintiff submitted a request to use his FM system for the 2025–2026 wrestling season. Two days later, OSAA rejected Plaintiff's request.

50. On January 16, 2026, Plaintiff proposed a solution to address OSAA's concerns about one-on-one communication: his coach would use the FM system while calling out instructions as he normally would for any other wrestler. Six days later, OSAA rejected this proposal and confirmed that its position remained unchanged.

51. Plaintiff timely sent a tort claim notice on May 1, 2026.

52. As of the date of this filing, Defendants refuse to permit Plaintiff's use of his FM system to access the same auditory information that his hearing opponents receive during OSAA-

sanctioned wrestling events. As a result, Plaintiff continues to be damaged in the ways described above, including but not limited to an inability to fully participate and succeed in his chosen sport and a resulting impact on his ability to qualify for collegiate scholarships.

53. At no point have Defendants attempted to discuss with Plaintiff directly to understand how his hearing disability impacts his ability to hear auditory information during OSAA-sanctioned wrestling events. Instead, Defendants have chosen to rely on other "wrestling experts" who have no personal knowledge of how Plaintiff's disability impacts his ability to hear auditory information in reaching their decisions.

**E. Defendants' Policies**

54. Defendants' policies—specifically, their procedures and guidelines regarding reasonable modifications—provide in relevant part:

> 31. <u>EXCEPTIONS TO NFHS PLAYING RULES</u>
>
> The Executive Director may, in keeping with applicable laws, authorize exceptions to NFHS playing rules to provide reasonable accommodations to individual participants with disabilities and/or special needs, as well as those individuals with unique and extenuating circumstances. The accommodations should not fundamentally alter the sport, allow an otherwise illegal piece of equipment, create risk to the athlete/others or place opponents at a disadvantage.
>
> . . .
>
> 47. <u>NON-DISCRIMINATION POLICY</u>
>
> A. The Oregon School Activities Association does not discriminate on the basis of race, color, religion, sex, sexual orientation, national origin, marital status, age, or disability in the performance of its authorized functions, and encourages its member schools, school personnel, participants, and spectators to adopt and follow the same policy.

55. Defendants' policies explicitly recognize that athletes with disabilities, like Plaintiff, can be provided with reasonable modifications to ensure their equal participation in interscholastic activities. Yet, Defendants have and continue to deny his use of his FM system as a

reasonable modification for his disability by refusing to permit Plaintiff to use his FM system for OSAA-sanctioned wrestling events.

56. Plaintiff is harmed by Defendants' failure to provide reasonable modifications because he cannot access the same auditory information as his hearing opponents do during OSAA-sanctioned wrestling events. Plaintiff has been subjected to an increased risk of injury and has been forced to wrestle on an uneven playing field with his opponents, which has deprived him of the opportunity to succeed to his full potential and impacted his ability to qualify for collegiate scholarships.

57. Defendants' actions constitute an ongoing and continuing violation of Plaintiff's rights under the Americans with Disabilities Act and state law, and deny him his right to equally participate in society as a student-athlete.

## FIRST CLAIM FOR RELIEF
## Violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132

58. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 57 as if specifically alleged herein.

### A. General Provisions

59. Title II provides in relevant part: "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132; *see also* 28 C.F.R. § 35.130(a), (b)(1).

60. Defendants are a "public entity" within the meaning of 42 U.S.C. § 12132 and subject to the nondiscrimination requirements of Title II of the Americans with Disabilities Act.

61. Plaintiff is substantially limited in the major life activity of hearing and, therefore, is an individual with a disability.

62. Plaintiff is a qualified individual with a disability because he participates in a member school's wrestling program.

**B. Reasonable Modifications**

63. Public entities, including Defendants, "shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability[.]" 28 C.F.R. § 35.130(b)(7).

64. In providing any aid, benefit, or service, a public entity may not, on the basis of disability:

> (i) Deny a qualified individual with a disability the opportunity to participate in or benefit from the aid, benefit, or service;
>
> (ii) Afford a qualified individual with a disability an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded to others;
>
> (iii) Provide a qualified individual with a disability with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others; . . . .
>
> (iv) Aid or perpetuate discrimination against a qualified individual with a disability by providing significant assistance to an agency, organization, or person that discriminates on the basis of disability in providing any aid, benefit, or service to beneficiaries of the public entity's programs; . . . .
>
> (v) Otherwise limit a qualified individual with a disability in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aid, benefit, or service.

65. When considering what types of auxiliary aids and services are necessary to ensure effective communication, public entities are required to "give primary consideration to the requests of individuals with disabilities." 28 C.F.R. § 35.160(b)(2).

66. Defendants' refusal to modify their policies, practices, or procedures denies Plaintiff an opportunity to benefit from Defendants' services, programs, and activities in violation of Title II.

67. As a result of Defendants' acts and omissions, Plaintiff is excluded from the opportunity to benefit from Defendants' wrestling events.

68. Defendants' actions as described in this Complaint were intentional and/or were taken with deliberate indifference to the strong likelihood that their actions and/or omissions would result in a violation of Plaintiff's rights under Title II.

69. Because Defendants' discriminatory conduct is ongoing, Plaintiff is entitled to declaratory and injunctive relief, monetary relief, and his reasonable attorneys' fees and costs in bringing this action.

## SECOND CLAIM FOR RELIEF
## Violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182

70. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 57 as if specifically alleged herein.

71. Title III provides in relevant part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182; *see also* 28 C.F.R. § 35.130(a), (b)(1).

72. In the alternative, to the extent Defendants are not considered a "public entity" within the meaning of 42 U.S.C. § 12132, Defendants are a "place of public accommodation" and subject to the nondiscrimination requirements of Title III of the Americans with Disabilities Act.

73. Plaintiff is substantially limited in the major life activity of hearing and, therefore, is an individual with a disability.

74. Plaintiff is a qualified individual with a disability because he participates in a member school's wrestling program.

75. Places of public accommodation, including Defendants, are required to "make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities." 42 U.S.C. § 12182(b)(2)(A)(ii).

76. Defendants' refusal to modify their policies, practices, or procedures denies Plaintiff an opportunity to benefit from Defendants' services, privileges, advantages, and accommodations in violation of Title III.

77. As a result of Defendants' acts and omissions, Plaintiff is excluded from the opportunity to benefit from Defendants' wrestling events.

78. Because Defendants' discriminatory conduct is ongoing, Plaintiff is entitled to declaratory and injunctive relief, and his reasonable attorneys' fees and costs in bringing this action.

## THIRD CLAIM FOR RELIEF
## Violation of ORS 659A.142(5)(a)

79. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 57 as if specifically alleged herein.

80. ORS 659A.142 provides that "It is an unlawful practice for state government to exclude an individual from participation in or deny an individual the benefits of the services, programs or activities of state government or to make any distinction, discrimination or restriction because the individual has a disability." ORS 659A.142(5)(a).

81. Courts apply an identical analysis to claims brought under ORS 659A.142(5)(a) as they do to claims brought under Title II of the ADA.

82. Defendants' programs constitute "state government" as that term is used in ORS 659A.142(5)(a).

83. The statute defines an "individual with a disability" as an individual who has "a physical or mental impairment that substantially limits one or more major life activities of the individual." ORS 659A.104(1)(a).

84. Individuals who are hard of hearing have a physical impairment that substantially limits the major life activity of hearing.

85. Plaintiff is an individual with a disability because he is hard of hearing, which substantially limits his hearing.

86. Plaintiff is a qualified individual with a disability because he participates in a member school's wrestling program.

87. As a result of Defendants' acts and omissions, Plaintiff is denied the opportunity to participate in or benefit from and denied the full benefits of OSAA-sanctioned wrestling events.

88. Because Defendants' discriminatory conduct is ongoing, Plaintiff is entitled to declaratory and injunctive relief, monetary relief, and his reasonable attorneys' fees and costs in bringing this action.

## FOURTH CLAIM FOR RELIEF
**Violation of ORS 659A.142(4)**

89. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 57 as if specifically alleged herein.

90. ORS 659A.142 provides that "It is an unlawful practice for any place of public accommodation, resort or amusement as defined in ORS 659A.400, or any person acting on behalf

of such place, to make any distinction, discrimination or restriction because a customer or patron is an individual with a disability." ORS 659A.142(4).

91. Courts apply an identical analysis to claims brought under ORS 659A.142(4) as they do to claims brought under Title III of the ADA.

92. In the alternative, to the extent Defendants' programs are not considered to constitute "state government," Defendants are a "place of public accommodation," as that term is defined by ORS 659A.400.

93. The statute defines an "individual with a disability" as an individual who has "a physical or mental impairment that substantially limits one or more major life activities of the individual." ORS 659A.104(1)(a).

94. Individuals who are hard of hearing have a physical impairment that substantially limits the major life activity of hearing.

95. Plaintiff is an individual with a disability because he is hard of hearing, which substantially limits his hearing.

96. Plaintiff is a qualified individual with a disability because he participates in a member school's wrestling program.

97. As a result of Defendants' acts and omissions, Plaintiff is denied the opportunity to participate in or benefit from and denied the full benefits of OSAA-sanctioned wrestling events.

98. Because Defendants' discriminatory conduct is ongoing, Plaintiff is entitled to declaratory and injunctive relief, monetary relief, and his reasonable attorneys' fees and costs in bringing this action.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants and grant the following relief:

1. Declaratory relief that Defendants have violated Titles II or III of the Americans with Disabilities Act, as well as ORS 659A.142(4) or ORS 659A.142(5)(a), by failing to permit Plaintiff to use his FM system for OSAA-sanctioned wrestling events;
2. Declaratory relief that Defendants have violated Title II or III of the Americans with Disabilities Act, as well as ORS 659A.142(4) or ORS 659A.142(5)(a), by failing to provide reasonable modifications of its policies, practices, and procedures to permit Plaintiff to use his FM system for OSAA-sanctioned wrestling events;
3. Injunctive relief requiring Defendants to permit Plaintiff to use his FM system for OSAA-sanctioned wrestling events;
4. Retain jurisdiction over this action to ensure Defendants' compliance with the mandate of Title II or III of the Americans with Disabilities Act, and ORS 659A.142(4) or ORS 659A.142(5)(a);
5. Award Plaintiff monetary relief as permitted by law;
6. Award Plaintiff reasonable attorneys' fees and costs; and
7. Award such other relief as this Court deems just.

Dated: September 8, 2026

Respectfully submitted,

s/ Dennis Steinman_______________

Dennis Steinman, OSB No. 954250
Stuart Barker, OSB No. 254892
KELL, ALTERMAN & RUNSTEIN, L.L.P.
520 S.W. Yamhill, Suite 600
Portland, OR 97204
Telephone: (503) 222-3531
dsteinman@kelrun.com
sbarker@kelrun.com

Alexander S. Van Hook*
NATIONAL ASSOCIATION OF THE DEAF
LAW AND ADVOCACY CENTER
8630 Fenton Street, Suite 202
Silver Spring, MD 20910
Telephone: (240) 748-1711
alexander.vanhook@nad.org

**pro hac vice motion forthcoming*

*Counsel for Plaintiff*